IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANTHONY JAI BROWN**                                                    **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 3:18-CV-528-DPJ-JCG**

**WARDEN CHERON NASH, et al.**                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*[1] by Plaintiff Anthony Jai Brown, who is proceeding *pro se* and *in forma pauperis*. He has failed to prosecute and obey the orders of the Court; therefore, the undersigned recommends that this action be dismissed without prejudice.

## DISCUSSION

Plaintiff filed suit against filed suit against Warden Cheron Nash, Associate Warden Sylvester Jenkins, and Special Investigative Supervisor Technician Reginald Dean on August 7, 2018. He asserted claims for violations of the First Amendment, unconstitutional conditions of confinement, excessive use of force, retaliation, violations of due process, and violations of the equal protection clause. On August 10, 2020, the Court dismissed all of Brown's claims except for his due process claim.

In the undersigned's first Report and Recommendation (ECF No. 29), Brown was informed that he would need to substantiate his due process claim, otherwise,

---

[1] 403 U.S. 388 (1971)

it would be subject to dismissal. On March 2, 2020, he filed a Motion to Amend Complaint (ECF No. 43), which added additional factual allegations. The Court granted the Motion on August 11, 2020 (ECF No. 55). On September 22, 2020, Defendants filed a Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (ECF No. 56). They allege that Brown's due process claim should be dismissed as not cognizable under *Bivens*, it fails to implicate Defendants in a due process violation, he fails to allege a physical injury, and Defendants are entitled to qualified immunity.

Plaintiff failed to respond to Defendants' Motion. Therefore, the Court entered an Order to Show Cause (ECF No. 58) on October 16, 2020. Plaintiff's deadline to respond was November 12, 2020. The Court mailed the Order to Plaintiff's address of record. After Plaintiff failed to respond to the Order, the Court entered its Second Order to Show Cause (ECF No. 59) on December 2, 2020. Plaintiff's deadline to respond was December 28, 2020. The Order was again mailed to Plaintiff's address of record. To date, Plaintiff has not responded to either Order to Show Cause or the Motion to Dismiss.

The Court has the authority to dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the

parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not responded to either of the Court's Orders to Show Cause (ECF Nos. 58 & 59). Plaintiff was warned that his failure to abide by the Court's Orders or to advise the Court of a change of address would be deemed a purposeful and contumacious act by him that would result in the case being dismissed. It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since filing his Motion to Appoint Counsel (ECF No. 53) on July 30, 2020. Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that this action be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 13th day of January, 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE