UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY JAI BROWN                                                     PLAINTIFF

V.                                              CIVIL ACTION NO. 3:18-CV-528-DPJ-JCG

WARDEN CHERON NASH, ET AL.                                          DEFENDANTS

ORDER

This case is before the Court on the Report and Recommendation [60] of United States

Magistrate Judge John C. Gargiulo.  In view of Plaintiff Anthony Jai Brown's failure to respond

to Defendants' Motion to Dismiss [56] and two subsequent Orders to Show Cause [58, 59],

Judge Gargiulo recommended dismissal without prejudice for failure to prosecute.  Brown

received a copy of the R&R on January 25, 2021, making any objections due on or before

February 8, 2021.  Acknowledgement [61].

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice

because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash R.R.*, 370 U.S.

626, 629 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  This

"inherent power" is "governed . . . by the control necessarily vested in courts to manage their

own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at

629–30.  Such dismissals are sometimes "necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629.

To the extent Judge Gargiulo recommended dismissal under *Link*, the Court adopts the R&R.[1]  This case is dismissed without prejudice for failure to prosecute.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of February, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Judge Gargiulo understandably also relied on Federal Rule of Civil Procedure 41(b); many cases have turned to Rule 41(b) in these situations.  *See, e.g.*, *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) ("A district court may dismiss an action *sua sponte* under [Rule] 41(b) for failure to comply with a court order.").  But the notion that Rule 41(b) allows sua sponte dismissal is suspect because it departs from the text of the rule.  Rule 41(b) never mentions sua sponte dismissals and instead states that a "defendant may move for dismissal" for failure to prosecute. Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630 (noting that "authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs").  Regardless, there can be no dispute that inherent authority exists to dismiss a case for failure to prosecute even if that authority is lacking under Rule 41(b).